IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Island Finance LLC d/b/a/ White Hills Cash,<br><br>  Plaintiff,<br><br>v.<br><br>Roces & Co. & Company, LLC d/b/a Merchant Services Center,<br><br>  Defendant. | Civil Action No. 9:15-cv-2696-SB<br><br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1.  This action arises from Plaintiff Island Finance, LLC, d/b/a White Hills Cash ("Island Finance"), entering into a contract ("ACH Contract") with Defendant Roces & Company, LLC, d/b/a Merchant Services Center ("Roces"). (See Attachment 1) Pursuant to the terms of the ACH Contract, Defendant Roces had been obligated to provide automated clearing house ("ACH") payment processing services. Defendant Roces violated the terms of the ACH Contract by wrongfully and unlawfully collecting and withholding a significant amount of money owed to Island Finance.

2.  Through the creation of an unauthorized "reserve account", Defendant Roces wrongfully and unlawfully withheld more than $500,000.00 of ACH transaction proceeds owed to Plaintiff Island Finance under the ACH Contract. Despite numerous demands by Plaintiff Island Finance, the Defendant Roces, since July 2014, continually refused and continues to refuse to either return the unlawfully withheld funds or to provide an accounting for the withholding of Island Finance's monies.

## PARTIES

3.      Plaintiff Island Finance is a commercial enterprise and instrumentality of the Ft. Belknap Indian Community of the Ft. Belknap Reservation of Montana, a federally-recognized American Indian tribe (the "Tribe"), organized and existing as a tribal limited liability company under the business entities laws of the Tribe with its principal place of business at 113 Chippewa Street, Harlem, Montana 59526.  As an incorporated form of the Tribe, Plaintiff Island Finance is a citizen of the state of its principal place of business for diversity jurisdiction purposes.  *See Inglish Interests, LLC v. Seminole Tribe of Florida, Inc.*, 2011 U.S. Dist. LEXIS 6123, * (M.D. Fla. Jan. 21, 2011); *Am. Vantage Cos. v. Table Mt. Rancheria*, 292 F.3d 1091, n.1 (9th Cir. 2002).  This issue is clear in the Ninth Circuit, in which Plaintiff resides and also maintains its principal place of business and the Tribe's Reservation is located.  *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1223 n.3 1226 (9th Cir. 1989) (holding that tribal entities organized pursuant to tribal law were state citizens and stating that, "for purposes of diversity jurisdiction, an Indian corporation is a citizen of the state in whose borders the reservation is located"); *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 & n. 2 (9th Cir. 1983) (holding that an incorporated tribal housing authority was a state citizen); *accord* William C. Canby, Jr., American Indian Law (5th Ed. 2009) 249 ("A tribe may … charter a corporation that becomes a citizen of the state of its principal place of business for purposes of diversity jurisdiction") (citing *Gaines v. Ski Apache*, 8 F.3d 726 (10th Cir. 1993)).

4. Defendant Roces is a limited liability company organized and existing under the laws of the State of South Carolina with its offices located in Beaufort County at 117 William Hilton Pkwy, Suite 1, Hilton Head Island, South Carolina 29926.

5. Plaintiff and Defendant are collectively referred to herein as the "Parties."

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Code § 1332, et seq, as there is complete diversity among the parties and the amount in controversy exceeds the sum or value of $75,000.

7. Venue is proper in this judicial division as to Defendant Roces pursuant to 28 U.S.C. § 1391(b)(1) and (2), as its principal place of business is located in Beaufort County, South Carolina.  Defendant Roces is subject to the Court's personal jurisdiction in this judicial division with respect to this action and because a substantial part of the unlawful events or omissions giving rise to the claims occurred in Beaufort County, South Carolina.  Additionally, venue is proper against Defendant Roces because pursuant to the ACH Contract at Paragraph 1.13 MISCELLANEOUS, the Parties agreed to "… consent to the jurisdiction of the courts of the State of South Carolina in the event of a dispute and any litigation which arises as a result of this agreement."  (Attachment 1)

## FACTUAL BACKROUND

8. On February 11, 2014, Plaintiff Island Finance executed an ACH Contract with Defendant Roces, whereby Roces would provide certain ACH transaction processing services for Island Finance, utilizing SunTrust Bank as the originating depository financial institution ("ODFI") to process Island Finance's ACH transactions.

9. Defendant Roces did, in fact, provide Plaintiff Island Finance with ACH payment processing services for a period of approximately six months, from February 2014 through July 2014.

10. During the time Defendant Roces provided payment processing services, Roces established two "reserve funds" for Island Finance. Supposedly, the first reserve fund was created in February 2014 when Defendant Roces requested, and Plaintiff Island Finance transferred, the sum of $300,000.00 to be held in escrow. These funds were eventually returned to Island Finance in October 2014.

11. A second reserve fund was established, essentially, as a "working capital reserve" wherein Plaintiff Island Finance instructed Defendant Roces to only distribute a portion of the ACH proceeds to ensure that sufficient funds were always available to settle all third party accounts. This reserve fund was maintained at the sole discretion and direction of Plaintiff Island Finance until July 2014, when Defendant Roces ceased making any distributions of proceeds and began withholding the entirety of Island Finance's proceeds, ostensibly and purportedly in the working capital reserve fund.

12. From February 2014 to July 2014, Defendant Roces withheld unaccounted for sums from Plaintiff Island Finances' proceed disbursements, ostensibly in a rolling reserve account to cover potential ACH processing fees and costs assessed by the ODFI. Even after processing was completed, however, Defendant Roces neither released the withheld funds, nor did it provide an accounting or notice of any assessed ODFI fees.

13. On July 17, 2014, Defendant Roces notified Plaintiff Island Finance, via email, that SunTrust Bank had suspended all of Roces's accounts and further advised Island Finance

that Defendant Roces could no longer provide ACH services, effectively terminating the ACH Contract. At that time, all disbursements ceased.

14. Plaintiff Island Finance's records evidence that Defendant Roces owes Island Finance $508,318.68 in withheld proceeds from the processing of Island Finance's ACH transactions from February 2014 to July 2014.

15. Defendant Roces' withholding of $508,318.68 of Island Finance's money is not authorized by the ACH contract or by general industry standards.

16. Under the ACH Contract, Defendant Roces was not and has never been authorized to unilaterally withhold any funds beyond the retention of agreed-upon service fees. Specifically, the ACH Contract entitles Defendant Roces to payment for services in the amount of: (1) two percent (2.0%) of the gross amount of each submitted ACH transaction; (2) certain, scheduled additional fees – including, $0.18 fee for each ACH Transaction, a $10 Batch Fee for every 1,000 ACH Transactions submitted, a $50.00 monthly fee, and a $3.50 returned item fee for each denied or returned ACH Transaction; and (3) any extra fees and expenses which Roces & Co. & Co. incurred from SunTrust Bank, its ODFI, for the processing of the ACH Transactions. *See* ACH Contract, Section 1.5 at Attachment 1. These fees and costs were to be deducted from the proceeds of the ACH transactions and the remainder to be distributed to Plaintiff Island Finance.

17. Beyond the specific terms of the ACH Contract, industry standards, at most, allow for a 90 day retention of funds. The National Automated Clearinghouse Association ("NACHA") Operating Rules, the federally-sanctioned ACH operating standards and guidelines, require a final settlement of all credits and debits within 90 days of the original settlement date.

*See* NACHA Operating Rules 7.6.1. and 7.8.1 (stating that Receiving Depository Finance Institutions and ODFIs have 90 days to make final settlements for all accounts).

18.     Defendant Roces ceased processing ACH transactions for Plaintiff Island Finance on July 17, 2014.  Nearly a year has passed between the last possible original settlement date of any relevant ACH transaction and the present.  Yet Defendant Roces has refused to disperse Island Finance's proceeds.  Instead, Defendant Roces and simply wrongfully retained for itself more than $500,000 of Plaintiff Island Finance's money.

19.     Plaintiff Island Finance attempted to resolve this dispute amicably on multiple occasions, but received and continues to receive only vague assurances of payment and ultimately a denial of any payments owed.

20.     Beginning in October 2014, Plaintiff Island Finance continually communicated with Defendant Roces via email to inquire as to the status of any accounting and reconciliation process.  From October 2014 to January 2015, Defendant Roces made repeated guarantees that account reconciliation efforts were under way with SunTrust and that the funds would be distributed to Island Finance soon.  Despites these statements, Defendant Roces failed to ever provide any disbursement of or accounting for the more than $500,000 of Island Finance's monies wrongfully and unlawfully withheld.

21.     Inexplicably and without any supporting documentation, in January 2015, Defendant Roces stated that its accounting, which it did not provide or evidence, showed that it was "even" with the Tribe and that no further disbursements were owed to Island Finance.

22.     On March 2, 2015, Island Finance delivered a letter demanding payment from Defendant Roces, a true and correct copy of which is attached hereto as Attachment 2.  No response to that demand was ever received.  Subsequent efforts to explore, with counsel for

Defendant Roces, account reconciliation and return of Island Finance's monies have likewise gone without substantive response.

## COUNT ONE
## (BREACH OF CONTRACT )

23. Plaintiff Island Finance incorporates the allegations in the paragraphs above, inclusive, as if fully set forth herein.

24. Given Defendant Roces' performance under the ACH Contract and Plaintiff Island Finance's payment for the payment processing services, the ACH Contract constitutes a valid, binding agreement between Roces and Island Finance.

25. Under the terms of the ACH Contract, Defendant Roces was and still is obligated to distribute all ACH proceeds less fees and expenses incurred from SunTrust Bank.

26. At most, under the industry standard NACHA Operating Rules, Defendant Roces could have ostensibly withheld proceeds for final settlement 90 days from the original settlement date – i.e., at the latest until October 15, 2014.

27. Defendant Roces has breached its obligations under the ACH Contract by failing to pay the monies owed to Plaintiff Island Finance from the proceeds of Island Finance's ACH transactions.

28. As a direct and proximate cause of Defendant Roces & Co. & Co.'s breach, Island Finance has incurred general and special damages in amounts to be proved at trial, including attorney's fees and costs as provided for in the ACH Contract.  (Attachment 1, Paragraph 1.13)

## COUNT TWO
## (BREACH OF FIDUCIARY DUTY)

29. Plaintiff Island Finance incorporates by reference the allegations in the paragraphs above of the Complaint, inclusive, as if fully set forth herein.

30. The breach of fiduciary duty includes breach of Defendant Roces assumed duties to maintain the reserve account.

31. Defendant Roces & Co owed and continues to owe a duty not to act to the exclusion of, or financial or other detriment to Plaintiff Island Finance.

32. Defendant Roces breached its fiduciary duty to Island Finance and committed acts of disloyalty by refusing to provide an accounting of and to disburse to Plaintiff Island Finance the ACH Contract funds received to date.

33. Upon information and belief, Defendant Roces, has control over the ACH Contract funds, including those intended for Plaintiff Island Finance's benefit, and so has and owes a fiduciary duty to Island Finance.

34. As a proximate result of breaches of fiduciary duty by Defendant Roces, the Plaintiff Island Finance has incurred damages in an amount to be proven at trial, including actual and consequential damages, along with attorney's fees and costs.

### COUNT THREE
### (UNJUST ENRICHMENT)

35. Plaintiff Island Finance incorporates by reference the allegations in the paragraphs above of the Complaint, inclusive, as if fully set forth herein.

36. As a result of Defendant Roces failing to disburse to Plaintiff Island Finance the proceeds from Island Finance's ACH transactions, a substantial and unlawful benefit has been conferred on and realized by Defendant Roces.

37. Under the ACH Contract, Defendant Roces received specific payment for it providing ACH processing services. Accordingly, it would be and is inequitable and unjust for Defendant Roces to retain additional monies which were not provided for under the ACH

Contract, for which Defendant Roces provided no services, and for which it has failed to provide any accounting.

38. As a matter of equity, Roces & Co. & Co. should be ordered to pay Island Finance the monies along with attorney's fees and costs, plus interest.

## COUNT FOUR
## (ACCOUNTING OF FUNDS)

39. Plaintiff Island Finance incorporates by reference the allegations in the paragraphs above of the Complaint, inclusive, as if fully set forth herein.

40. In failing to fulfill the obligations under the ACH contract by failing to pay the monies owed to Island Financial from the proceeds of Island Finance's ACH transactions, Defendant Roces has thereby created and established equitable obligations and duties to hold and only disburse contract funds pursuant to related contractual and statutory obligations.

41. As a result under the facts and circumstances, it is appropriate both legally and equitably, that Defendant Roces be required to preserve all ACH Contract accounting, transaction and related records in its custody or control and be further required to fully account for all contract monies, including and no matter the nature of their disposition, as well all related books and records.

42. Beginning in July 2014, Plaintiff Island Finance, through its representatives, made written and oral demands for an accounting relating to Defendant Roces' unlawful and wrongfully withheld funds of Island Finance relating to the ACH Contract.

43. Defendant Roces has failed and refused and still refuses to provide Plaintiff Island Finance an accounting for the wrongfully and unlawfully withheld funds.  This accounting needs to now include access to and an inspection of all records and books of accounting relative to its

revenue, costs and any other disbursements or transactions related to the ACH Contract, the requested financial books and related records.

44. There now exists a contractual, fiduciary and equitable duty upon Defendant Roces to provide access to and furnish all financial books and related records related to the ACH Contract.

45. Defendant Roces & Co has the financial books and related records in its possession, yet has refused an accounting to which, based on the aforesaid, Plaintiff Island Finance is entitled.

46. Plaintiff Island Finance is now legally and contractually entitled to both an accounting and an audit (forensic or otherwise) of all of the financial books, accounts and records of Defendant Roces related in any manner whatsoever to the ACH Contract.

47. Plaintiff Island Finance is without an adequate remedy at law and has been and will continue to be irreparably injured unless it is provided full and complete access to and control of an audit (forensic or otherwise) of Defendant Roces' financial books and records relating in any manner whatsoever to the ACH Contract.

48. Plaintiff Island Finance should be allowed an accounting and forensic audit of all books and records of Defendant Roces relating to the ACH Contract, with Defendant Roces liable to Island Finance for any and all damages, including any amounts as demonstrated through an accounting and forensic audit, in such other damage amounts proven at trial.

## COUNT FIVE
## (CONSTRUCTIVE TRUST)

49. Plaintiff Island Finance incorporates by reference the allegations in the paragraphs above of the Complaint, inclusive, as if fully set forth herein.

50.     The obligations assumed by Defendant Roces respecting proceeds received under the ACH Contract and the establishment and creation of reserve funds intended for solely for Plaintiff Island Finance's benefit, is such that Defendant Roces is a fiduciary of Plaintiff Island Finance in respect to all monies having been received by them.

51.     As a fiduciary, Defendant Roces received monies intended for payment to Plaintiff Island Finance, but has not paid them to Island Finance to the extent required to have been paid.  Defendant Roces has failed, refused and effuses to provide any accounting in respect to funds received and their disposition to Plaintiff Island Finance.

52.     The foregoing related actions and omissions violate duties owed by Defendant Roces to Plaintiff Island Finance, and the imposition of a constructive trust respecting the ACH Contract funds is necessary and appropriate in equity, to prevent further unjust enrichment and inequities by Defendant Roces, and to the extent possible, mitigate further damage to Plaintiff Island Finance.

53.     Under the facts and circumstances, the Court should, in addition to other relief, impose a constructive trust in respect to the ACH Contract monies previously, and hereafter, received by Defendant Roces, to preserve and protect those funds, order transfer of those funds to Island Finance to the extent currently due and owing to Island Finance, and award Plaintiff Island Finance proven damages resulting from and relating to the  breach of fiduciary duties and breach of implied covenant of good faith and fair dealing.

## **REQUESTED RELIEF**

Plaintiff Island Finance prays that judgment be entered in its favor and against Defendant Roces on the claims asserted herein and that it be awarded the following relief:

54. On the First Claim for Relief for Breach of Contract, an award of money damages in an amount to be proved at trial, prejudgment and post-judgment interest at the statutory rate, an award of costs and attorney's fees, and such other and further relief the Court deems just and proper;

55. On the Second Claim for Relief for Unjust Enrichment, an award of money damages equal to any unjust enrichment enjoyed by Defendant Roces as a result of the failure to pay amounts due and owing to Plaintiff Island Finance, prejudgment and post-judgment interest at the statutory rate, an award of costs and attorney's fees, and such other and further relief the Court deems just and proper;

56. Enter judgment in Island Finance's favor for damages in an amount to be determined at trial, plus prejudgment and post-judgment interest, costs, expert witness fees, and attorney's fees;

57. Compensatory damages;

58. Constructive trust imposition;

59. Accounting (forensic or otherwise) for all ACH Contract and related accounting records and without limitation, all related monies received, spent, disbursed, reimbursed and retained; and

60. Preservation of records and a complete accounting and audit of these records.

WHEREFORE, Plaintiff prays for the relief to which it is entitled, including judgment in its favor and against Defendants on each of Plaintiff's Claims for Relief set forth herein; that Plaintiff be awarded damages in an amount to be established at trial, as well as interest, costs and attorney's fees, and such further relief as the Court deems just and appropriate.

        Respectfully Submitted,

        /s/ Clarence Davis_____
        Clarence Davis
        Federal Bar No. 433
        ***Attorney for Plaintiff***

**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road N.E.
Suite 2500
Atlanta, GA 30305
(678) 553-2100
*daviscla@gtlaw.com*